```
                        UNITED STATES BANKRUPTCY COURT
                         WESTERN DISTRICT OF LOUISIANA
                         LAFAYETTE-OPELOUSAS DIVISION
```
IN RE:
JOHN A VALLIEN                                          CASE NO: 09-51756
      Debtor
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
                                   CHAPTER 13 PLAN

1.    The future earnings of Debtor are submitted to the supervision and control of the court
      and Debtor (or Debtor's employer) shall pay to the Trustee the sum of:
      Monthly payment: $ 500.00 in months 1-17; $855.76 in months 18-60
      Term of Plan:      60 months

2.    Trustee shall make disbursements as follows:
      a.    CLASS 1:  Administrative Claims pursuant to 11 USC 503(b):
            TRUSTEE            - 10% of all sums received,
                                  except 5% of house note received
            ATTORNEY FOR DEBTOR    - $1,624.00 Until the effective date of the plan, attorney
            fees will be paid, concurrently with adequate protection payments, if applicable
            and the trustee's commission. Any attorney's fee remaining due after the
            effective date of the plan, will be paid in preference and priority to the
            remaining creditors. Any tax refunds received by the trustee will be first used
            to pay any remaining attorney's fee.
            Payment:    Administrative claims are to be paid out of the first payments under
                        the plan.

      b.    CLASS 2:  Priority Payments required by 11 USC 507.
            INTERNAL REVENUE SERVICE         - $0.00
            STATE OF LOUISIANA               - $0.00
            Payment:    Priority claims are to be paid after Class 1, 3, 4 and arrearages
                        (if applicable) but before Class 5.

      c.    CLASS 3:  Secured creditors listed below will be paid the value of the collateral
            with 5.25% interest. Payments shall begin subsequent to the full payment of
            administrative claims listed in paragraph 2(a) above and shall continue with pro
            rata payments monthly for the remaining term of the plan or until fully paid
            together with interest as set forth above. The undersecured balance (as set
            forth below) shall receive treatment as an unsecured creditor (CLASS 5). The
            secured creditors listed below shall retain their security interest in the
            following collateral and debtor will maintain adequate insurance if required by
            the terms of the mortgage and/or security agreement: NONE

      d.    CLASS 4:  Creditors who hold personal endorsements, guarantees, guaranteed
            student loans or collateral of third parties will receive the payments set forth
            below. Payments shall begin subsequent to the full payment of administrative
            claims listed in paragraph 2(a) above and shall continue with equal monthly
            payments for the remaining term of the plan or until fully paid together with ten
            (10%) interest:   NONE

      e.    CLASS 5:  Allowed unsecured claims and the undersecured portion of the secured
            creditor's claim as set forth in paragraphs 2(c) above and 6 below (if
            applicable) shall be paid as follows:
            Dividend: 4%
              Payment:    After all other creditors, the trustee shall pay dividends pro rata
                          on the claims allowed.

4.  a) The debtor proposes to pay the following creditors outside the plan in the following amount:     IBERIA BANK - $4,260.00 ($355.76 for 17 months)
       STANDARD MORTGAGE - $279,960.22

5.  Debtor proposes to abandon and surrender the following described property in full satisfaction of the mortgage indebtedness (with the undersecured balance shown below) in favor of the creditor      listed below.  Any undersecured balance will be treated as a Class 5 creditor:

| CREDITOR | COLLATERAL | UNDERSECURED |
|---|---|---|
| THERESA VALLIEN | 1/7 UNDIVIDED INTEREST IN 47 ACRES | 0.00 |
| WILBERT SION | 1/7 UNDIVIDED INTEREST IN 47 ACRES plus LOT on I-49 | $276,000.00 |

6.  Debtor proposes to sell his sixty (60%) interest in the entity known as WOVAL CORPORATION.  The proceeds of which will be paid to the general unsecured creditors in a sum sufficient to satisfy the liquidation test.

7.  The indebtedness due St. Landry Homestead in the amount of $5,900.00 was co-signed by the debtor.  The primary debtors, Howard and Angie Fields, will pay this indebtedness in full, when it becomes due in April, 2010.

8.  Income tax refunds for the first three years of the plan shall be paid to the trustee to pay administrative expenses first and then, thereafter to the benefit of the general unsecured creditors.

9.  The effective date of the plan shall be six months from the date of the filing of the bankruptcy petition.

10. Title to Debtor's property shall revest in Debtor upon confirmation of a plan pursuant to 11 USC 1327(b) (or upon dismissal of the case after confirmation pursuant to 11 USC 1329 or upon closing of the case to 11 USC 350.)

DATED: January 4, 2010                              /s/W. Simmons Sandoz
                                                    W. Simmons Sandoz, Attorney

C:\WP51\BILLIE\PLANS\P-3793